# Pond Creek Collieries Co. v. La Santos et al.

June 25, 1948.

Howard & Combs for appellants.

G. R. Blackburn for appellees.

OPINION OF THE COURT BY CLAY, COMMISSIONER—
Affirming.

Appellant, the employer, appeals from a judgment of the Circuit Court approving and affirming an award of the Workmen's Compensation Board. Appellee was allowed compensation for permanent total disability. While admitting the extent of disability, it is appellant's contention that only a small percentage thereof resulted from an accident which arose out of and in the course of appellee's employment.

Appellee had worked for appellant approximately 25 years as a sand dryer at a coal mine. On February 2, 1945, he fell from a hoist car, and was taken to a hospital. The examination of the attending physician disclosed several fractured ribs, a punctured lung, and se--

vere shock. No parts of the patient's body except the chest were X-rayed. He was rather obstreperous and unstable for two or three days after admittance, and was given oxygen and morphine. Three days after entering the hospital he either stepped out of his bed or fell from it. The following day more X-rays were taken, and it was found that the right hip was fractured. The evidence is convincing that the employee is now permanently and totally disabled, and this disability resulted substantially, if not completely, from the fractured hip.

Appellant contends, however, that the hip injury was not caused by the accident which took place in the course of employment, but was occasioned by the independent accident when the employee fell in the hospital. Appellant further contends that a certain amount of the disability is attributable to a skull fracture which the employee suffered some 20 years ago. This latter argument must be summarily rejected as there was no evidence the pre-existing condition disabled the employee prior to his accident, and his present disability is not the result of this earlier injury. See Wood-Mosaic Co. et al. v. Shumate, 305 Ky. 368, 204 S. W. 2d 331; and Browning v. Moss Williams & Co., 306 Ky. 520, 208 S. W. 2d 495.

It is a well settled principle, based on the statute itself, that the courts will not disturb a finding of fact by the Board if it is supported by competent evidence of probative value. KRS 342.285 and 342.290; Broadway & Fourth Avenue Realty Company v. Metcalfe, 230 Ky. 800, 20 S. W. 2d 988; Inland Steel Co. et al. v. Newsome, 281 Ky. 681, 136 S. W. 2d 1077. The Board found that the employee received his hip injury in the original accident, although it did stress the point that such injury, if occurring later, followed in natural sequence to the injuries sustained in the fall from the hoist car. If there was any evidence of substance to sustain the conclusion of the Board, the decision must be affirmed.

It cannot be positively determined that the hip injury was received on the day of the original accident. The employee, however, testified that the injuries to his body, which would include his hip, took place at the time of the unloading accident when he fell from the

hoist car. While there is evidence that he was able to walk, other employees of the company did physically assist him in going to and entering the hospital. A physician who had later examined the employee testified that he had seen persons walk who had sustained a hip fracture such as that involved in this case.

There is substantial evidence in support of appellant's contention that the hip fracture was not sustained until after the employee had been treated two or three days in the hospital. The doctor who saw him immediately upon his entrance did not diagnose any such injury, but he made no X-ray of the man's hip. The attending nurses' testimony also indicates that the employee was not complaining of, nor did he appear to be suffering from, such an injury until after February 5. The evidence as to whether or not such an injury was sustained at the time of the original accident is conflicting, and leaves the mind in doubt.

However, if the hip fracture was not sustained in the fall from the hoist car, it occurred during treatment in such a manner as to constitute in effect an aggravation of the original injuries. In this connection we note that the patient was suffering from "severe shock" and was emotionally unbalanced for the first few days he was in the hospital. His chest was crushed; his condition was "bad;" and it was necessary to give him oxygen, other respiratory stimulants, and morphine. Under such circumstances, even if his hip was fractured when he fell from or beside his hospital bed, this occurred during his medical treatment at a time when he could not be held accountable for his acts, and as a direct and proximate result of the original injury suffered "in an accident arising out of and in the course of his employment." KRS 342.005. Clearly, if this was a subsequent fracture, it resulted from his medical treatment as an aggravation of his initial injuries. In such cases the ultimate disability should be compensable. See notes in 39 A. L. R. 1276 and 127 A. L. R. 1108.

The compensation law should be liberally construed to carry out its "humane and beneficent purposes in favor of injured employees." Wolfe et al. v. American Rolling Mill Co., 277 Ky. 395, 126 S. W. 2d 835, 837. Here we have an employee who was permanently and

totally disabled as a direct result of an accident he suffered in the course of his employment. The majority of the Court are agreed that there was sufficient evidence to sustain the Board's finding that the hip fracture occurred in the original fall. All of the Court are agreed that if this fact was not sufficiently proven, the subsequent injury was so closely related to the original accident that it must be considered a result of it. The Board was, therefore, justified in allowing full disability benefits.

Appellee raises some question regarding the form of judgment entered by the Circuit Court, but as he took no cross-appeal from this judgment, we cannot consider his objection.

The judgment is affirmed.