## Beech Creek Coal Co. v. Cox et al.

February 27, 1951.

A. J. Bratcher, Judge.

Woodward, Bartlett, Hobson & McCarroll for appellant.

Fox & Gordon for appellees.

Judge Milliken—Affirming.

While convalescing at home from a comminuted fracture of his left leg, an injury which arose out of and in the course of his employment, Levi Cox slipped and fell breaking his leg again just an inch above the original fracture. He was taken to the hospital and

his leg again placed in a cast. When it failed to heal properly it was discovered that the cast had slipped, and that a radical operation was necessary to secure proper alignment of the bone. This operation was successfully effected, but within fifteen minutes of its completion Mr. Cox suddenly complained of pain in his chest and, despite all efforts to relieve him, died within a few minutes. No autopsy was made, but it was the opinion of the surgeon that a blood clot had hit the lung and caused Mr. Cox's death. The Workmen's Compensation Board awarded the claimant, Hattie Cox, widow of the deceased, Levi Cox, full compensation for the death of her husband, and this award was approved by the Circuit Court. The principal question we have before us is whether the second injury can be considered a natural outgrowth of the first injury and, as such, compensable under the Workmen's Compensation Law.

"In this class of cases the decisions are sustained and justified ordinarily by reference to the doctrine of proximate cause. The general rule is that compensation must be allowed for all of the injurious consequences flowing from the original injury, and not attributable to an independent, intervening cause." 58 Am. Jur., Workmen's Compensation, Section 198, page 706. The difficulty comes in applying the principle to the particular situation. In the case at bar, Levi Cox had been at home and had complied with the instructions of his physician in moving about, first on crutches, then on a cane and a crutch, and finally he had graduated to the use of a cane alone. This course of conduct was prescribed in order to expedite healing by stimulating circulation, reducing stiffness of the knee and ankle joints, and restoring the general muscle tone. There was some question whether Mr. Cox had acted wisely in walking in his back yard on the June morning of his second injury because the ground was somewhat slippery from moisture. It is sufficient answer to his possible lack of judgment on that occasion to say that his physician did not warn him not to venture out in such circumstances. In other words, no detailed instructions were given in that respect. The surgeon testified: "It is my opinion that he, Levi Cox, would have been much less likely to have fallen and fractured the bone the second time had his joints not been stiff from the treatment of the first fracture." While the X-ray re-

vealed no physical connection between the first and second fracture an inch above it, we believe that the Workmen's Compensation Board was justified in concluding, as did the surgeon, that the handicap the man suffered from his first injury was a highly contributing factor in causing the second injury.

The injured man had been paid full compensation until the time of his death, and further payments were stopped upon the theory that the second injury was not a compensable one. Since the tenor of all the evidence indicates that Mr. Cox had complied fully with the instructions of his physician—that he had been a good patient—it would hardly seem just to penalize his widow by denying recovery in this case. Certainly, had Mr. Cox failed "to submit to or follow any competent surgical treatment or medical aid or advice," KRS 342.035(2), no compensation would have been paid for either his disability or his death. Conversely, when he made every effort to comply with the instructions of his physician, his widow should not be penalized because of the unfortunate outcome.

Judgment affirmed.