RENDERED:  NOVEMBER 13, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0619-WC

DARRESHIA HAYES APPELLANT

PETITION FOR REVIEW OF A DECISION
v.  OF THE WORKERS' COMPENSATION BOARD
ACTION NOS. WC-16-62347 AND WC-16-83591

FIRST TRANSIT;
HON. JOHN H. MCCRACKEN,
ADMINISTRATIVE LAW JUDGE;
AND WORKERS' COMPENSATION
BOARD APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, DIXON, AND TAYLOR, JUDGES.

COMBS, JUDGE:  Appellant, Darreshia Hayes, appeals from an opinion of the

Workers' Compensation Board (the Board) affirming a decision of the

Administrative Law Judge (ALJ), who found that Hayes's injuries were only

temporary in duration and that treatment for her ganglion cysts was not

compensable.  After our review, we affirm.

Hayes worked as a driver for Appellee, First Transit, Inc. She alleged two injuries that were similar in nature. On May 12, 2016, and on October 27, 2016, she felt a "pop" in her right wrist while strapping in or securing a passenger who was in a wheelchair. On March 3, 2017, Hayes underwent surgery for excision of ganglion cysts in her right dorsal wrist by Dr. Tate. Causation of the ganglion cysts was in dispute. There was also conflicting evidence whether or not Hayes had any permanent impairment. The parties submitted evidence from multiple medical providers, which we shall discuss as relevant to the issues before us.

On September 13, 2019, the ALJ rendered an opinion, award, and order. The ALJ relied upon "Hayes, Dr. Tien, Dr. Bilkey and Dr. Nicoson to find that Hayes sustained a right wrist strain while working for Defendant on May 12, 2016." The ALJ relied upon "Hayes and Dr. Nicoson to find that Hayes sustained a work-related right wrist injury on October 27, 2016."

However, the ALJ concluded that Hayes did not sustain a permanent injury on either date. Noting that the evidence was in conflict and that medical records were inconsistent, the ALJ relied upon "Dr. Wolens, Dr. Tien and Dr. Nicoson to find that both the May 12, 2016 and October 27, 2016 work injuries were temporary, not permanent injuries."

The ALJ found that the ganglion cysts were not related to either of Hayes's work injuries. Consequently, the ALJ found that no temporary total disability (TTD) was warranted following surgery on March 6, 2017, and that medical treatment for the ganglion cysts, including the surgery, was not compensable.

The ALJ dismissed Hayes's claim for TTD and permanent partial disability (PPD) benefits. The ALJ awarded medical expenses as might reasonably be required for the cure and relief of the effects of the May 12, 2016, injury from May 12, 2016, through August 19, 2016. The ALJ also awarded medical expenses as might reasonably be required for cure and relief of the effects of the October 27, 2016, injury from October 27, 2016, through January 25, 2017.

Hayes filed a petition for reconsideration, which the ALJ denied by an order entered on October 17, 2019. Hayes then appealed to the Board. By an opinion rendered on March 27, 2020, the Board affirmed as follows in relevant part:

> On appeal, Hayes argues she is entitled to TTD benefits during the time she was off work due to the March 2017 surgery, which she contends was a misdiagnosis. Hayes asserts the misdiagnosis entailed the belief by Dr. Tate that her right wrist symptoms were due to the cyst. Hayes argues the Kentucky Supreme Court held that an injured worker is entitled to benefits from the time he or she is kept off work for a negligently diagnosed treatment of a work injury in Elizabethtown Sportswear v. Stice, [720 S.W.2d 732 (Ky. App. 1996)].

-3-

According to Hayes, it makes no difference whether Dr. Tate committed malpractice by diagnosing the cyst as the cause of Hayes' right wrist problems.

Hayes further argues she is entitled to recover benefits for a permanent right wrist injury. Hayes points out Dr. Tate agreed she has permanent restrictions. Hayes also asserts the ALJ erred in finding the opinions of Dr. Bilkey not persuasive. Hayes argues the ALJ did not provide adequate findings of fact supporting his decision to not rely on Dr. Bilkey's opinions or to consider the fact Dr. Tate's opinions expressed in the August 11, 2017 and October 27, 2017 questionnaire.

. . .

We determine substantial evidence supports the ALJ's determination Hayes sustained temporary right wrist injuries on May 12, 2016 and October 27, 2016, and a contrary result is not compelled. Hayes was consistently diagnosed with a right wrist sprain following the May 12, 2016 work incident. Dr. Wolens opined Hayes attained MMI from the strain of the radioulnar ligament three to six weeks after the occurrence of that event. Dr. Nicoson opined Hayes sustained right wrist sprains on May 12, 2016 and on October 27, 2016. He noted wrist sprains typically resolve within six to twelve weeks. Dr. Nicoson found permanent restrictions unnecessary. He stated the right wrist sprains should have resolved no more than twelve weeks after the work incidents. He found Hayes had attained MMI, required no further treatment, had fully recovered from her right wrist injuries, and was fully capable of returning to work. The above evidence constitutes substantial evidence supporting the ALJ's determination Hayes sustained temporary right wrist injuries due to the work incidents, and a contrary result is not compelled.

-4-

The Board concluded that more detailed findings of fact were not required and that the ALJ had accurately recited the evidence and set forth his reasoning, including why he did not find Dr. Bilkey's opinion persuasive. The Board also found that substantial evidence supported the ALJ's determination that Hayes's right wrist ganglions were not caused by or aggravated by work -- namely, the opinions of Dr. Wolens and of Dr. Nicoson, who agreed with Dr. Tien that the cysts seen on MRI were not related to the incidents at work. Therefore, a contrary result was not compelled. The Board also concluded that Hayes's reliance upon *Stice* was misplaced because in this case, "the ALJ determined that the ganglion cysts were not work-related. Therefore, any alleged negligence or malpractice stemming from the treatment of those conditions, including surgery, is not compensable."

On appeal to this Court, Hayes's first argument is that she is "entitled to TTD benefits and reimbursement for medical expenses for the surgery on her cysts -- albeit on a misdiagnosis -- in an effort to provide her with treatment and a cure for her work injuries." (Original emphasis deleted). We disagree.

Hayes again relies on *Stice*, *supra*. *Stice* held that a widower was entitled to death benefits where his wife died due to an allergic reaction to dye used in a myelogram for treatment of her work-related back injury. We agree with the Board that Hayes's reliance on *Stice* is misplaced.

-5-

Hayes also relies upon *Ford Motor Company v. Jobe*, 544 S.W.3d 628 (Ky. 2018). But *Jobe* does not dictate a different result here. In *Jobe*, our Supreme Court explained that causation is a matter to be determined by the ALJ. "We will not disturb the ALJ's finding unless its basis lacks substantial evidence in the record. . . . The fact that an opposite conclusion could have also been supported by substantial evidence makes no difference in our analysis." *Id.* at 634.

Hayes asserts that "it is not fair or equitable" for a party not to be compensated for "all of the treatment for the accident," including unsuccessful treatment or treatment based upon a misdiagnosis. However, treatment for Hayes's ganglion cysts was denied in this case because it was **not** treatment resulting from the accident. By report dated August 4, 2016, Dr. Wolens opined that Hayes's ganglion cysts were not work-related and that if surgery were recommended, it would not be considered work-related.[1]

On March 26, 2019, Hayes testified that she tried to get the surgery approved by "Workers' Comp." But they denied it. She did not appeal or file a medical dispute over the denial, and she proceeded with the surgery. She further

---

[1] Hayes argues that Dr. Wolens's opinion cannot constitute substantial evidence because it predates the second injury. However, as First Transit states at page 10 of its Brief, "the fact the ganglion surgery was already discussed prior to the second injury only strengthens Dr. Wolens' opinion regarding a non work-related cause." We agree.

testified that the bills for Dr. Tate and the surgery were paid by health insurance. (Record on Appeal (ROA), pp. 457, 461).

At the July 23, 2019, hearing, Hayes testified as follows on cross-examination:

Q. Ms. Hayes, I have just a few follow-up questions for you. Earlier you testified that they thought you had a cyst, but you didn't?

**A. Yes.**

Q. That's the way I understood it, but that's not entirely accurate. I mean you did have a cyst, correct?

**A. Yes.**

Q. I mean, they removed the cyst?

**A. They said I had a cyst that they removed, yeah.**

Q. Okay. And that was the purpose of the surgery was to remove the cyst? That's what they did in the surgery?

**A. Yes.**

Q. Okay. And your wrist pain didn't – wasn't relieved from the surgery, correct?

**A. Correct.**

Q. And again, before you had that surgery, it was denied by workers' compensation, correct?

**A. Correct.**

Q. And you didn't file any sort of appeal or medical dispute from that. You went ahead and had the surgery?

**A. Yeah.**

(ROA, pp. 647-48) (emphases original). The evidence does not compel a finding that Hayes is entitled to an award of TTD or reimbursement of medical expenses related to treatment/surgery for her ganglion cysts.

Next, Hayes argues that the ALJ's decision is not based upon substantial evidence because the physicians upon whom the ALJ relied based their opinions upon an incorrect history. Again, we do not agree. This case is readily distinguishable on its facts from both *Cepero v. Fabricated Metals Corp.*, 132 S.W.3d 839, 840 (Ky. 2004), and *Eddie's Service Center v. Thomas*, 503 S.W.3d 881, 882 (Ky. 2016), both of which Hayes cites.

Hayes argues that the case should be remanded to the ALJ for further findings and conclusions of law -- particularly with respect to the ALJ's determination that Hayes suffered no permanent impairment. Hayes contends that the ALJ did not sufficiently explain why he did not rely upon Dr. Bilkey. We do not agree.

The ALJ made detailed factual findings summarizing Dr. Bilkey's examinations and reports. As was his prerogative, the ALJ concluded that "Dr. Bilkey's opinions regarding Hayes['s] injuries and their permanence are not as credible of those of Dr. Tien, Dr. Wolens, or Dr. Nicoson. Dr. Bilkey simply has too many inconsistencies." The ALJ has the sole authority to judge the weight,

credibility, substance, and inferences to be drawn from the evidence and may believe or disbelieve parts of the evidence from the total proof -- regardless of the party offering it. *Paramount Foods, Inc. v. Burkhardt*, 695 S.W.2d 418 (Ky. 1985); *Caudill v. Maloney's Discount Stores*, 560 S.W.2d 15 (Ky. 1977). We agree with the Board that "[t]he ALJ accurately recited the evidence and adequately set forth the reasoning behind his ultimate decision. In addition, he more than adequately explained why he did not find Dr. Bilkey's opinion persuasive."

Hayes's final argument is that the Court of Appeals should render an "independent interpretation" of the statute. However, the precedent governing our review is clear and binding.

> The well-established standard of review for the appellate courts of a workers' compensation decision "is to correct the [Workers' Compensation] Board only where the Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice."

*Tryon Trucking, Inc. v. Medlin*, 586 S.W.3d 233, 237-38 (Ky. 2019) (citing *Western Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687-88 (Ky. 1992)). We perceive no such error in the case before us.

Accordingly, we affirm the opinion of the Workers' Compensation Board.

ALL CONCUR.


BRIEF FOR APPELLANT:

Eric M. Lamb
Louisville, Kentucky

BRIEF FOR APPELLEE FIRST
TRANSIT:

Douglas A. U'Sellis
Louisville, Kentucky