# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT.  OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: FEBRAURY 24, 2022
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2020-SC-0592-WC

DARRESHIA HAYES          APPELLANT

ON APPEAL FROM COURT OF APPEALS
V.          NO. 2020-CA-0619
WORKERS' COMPENSATION BOARD
NOS. WC-16-62347 & WC-16-83591

FIRST TRANSIT;          APPELLEES
HONORABLE JOHN H. MCCRACKEN,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD

## MEMORANDUM OPINION OF THE COURT

## <u>AFFIRMING</u>

This case is before the Court on administrative appeal as a matter of right[1] by Darreshia Hayes (Hayes), the Appellant. Hayes filed a Workers' Compensation claim based on two alleged injuries to her right wrist. After reviewing all conflicting medical evidence, the Administrative Law Judge (ALJ) concluded Hayes sustained only temporary injuries and a surgery for ganglion cysts in Hayes' right wrist was unrelated to either injury. Both the Workers' Compensation Board and the Court of Appeals affirmed the ALJ's Opinion and Order. On appeal, Hayes alleges she should have been found to have a permanent disability and her ganglion cyst removal surgery should have been compensable.

---

[1] Ky. Const. § 115.

For the following reasons, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Hayes started working at First Transit, Inc. (First Transit), the Appellee, in March 2014. She drove a bus or van to transport passengers in and around Louisville. Hayes also assisted ambulatory and wheelchair-bound passengers entering and exiting the vans or buses. Specifically, she pushed wheelchair passengers onto a lift, secured the belts, and operated the lift.

On May 12, 2016, Hayes heard a pop in her right wrist while strapping a wheelchair-bound passenger onto the bus. After completing her shift, she went to the emergency room at Saints Mary & Elizabeth Hospital due to continued pain in her injured wrist. The ER provided her with Ibuprofen and a wrist splint.

Hayes sought additional treatment at Baptist Health Occupational Medicine (Baptist), Kleinert & Kutz, Baptistworx, and Louisville Arm and Hand. At Baptist, Hayes was diagnosed with a right wrist sprain with neuropathy. On May 23, 2016, Hayes was released to work with limited use of the right wrist. First Transit restricted Hayes to light duty after the first accident. She picked up trash, performed filing duties, and sorted paperwork in the maintenance department.

At Kleinert & Kutz, Dr. Huey Tien was Hayes' primary provider from June 22, 2016 to August 19, 2016. On June 22, 2016, Dr. Tien ordered an MRI and released Hayes to return to work without restrictions. Dr. William Snearly, also at Kleinert & Kutz, interpreted a July 20, 2016 MRI of Hayes' right wrist. Dr.

2

Snearly found 1) a lobulated dorsal ganglion cyst at the level of the distal scapholunate interval; 2) a lobulated volar radioscaphoid ganglion; 3) mild sprain of the dorsal radioulnar ligament; and 4) moderate sized subcortical cysts within the lateral aspect of the lunate bone. No evidence of fractures or osteonecrosis was found. Hayes was instructed to avoid pushing wheelchairs with increased force or weight and to avoid extreme wrist extension. On August 19, 2016, Hayes reported to Dr. Tien that her right wrist pain had returned. Dr. Tien believed Hayes to be at MMI and capable of returning to normal work duty. Dr. Tien noticed no physical defects.

On August 4, 2016, Dr. Daniel Wolens evaluated Hayes on behalf of First Transit. Dr. Wolens concluded Hays had no history of cumulative or acute trauma to her right wrist. He noted the cysts were the type that took a long time to develop and they were not the result of the May incident. Although Hayes suggests Dr. Wolens was not given a full medical history, he did receive a copy of records related to the May 12, 2016 accident.

On September 7, 2016, Hayes sought treatment at Bapistworx. Hayes was found to have full range of motion of the right wrist, no palpable ganglion cyst and her grasp strength was hindered by excessive nail length. Bapistworx assessed a right posterior ganglion cyst and returned Hayes to regular duty.

Hayes sought a second opinion at Louisville Arm and Hand. Dr. David Tate and Dr. Leela Farr treated Hayes on September 19, 2016. Dr. Farr noted Hayes' complaint concerning her right wrist had resolved. They noted, however, her medical history reported Hayes sustained a twisting injury to her right

3

wrist at work, several days prior, which was still causing pain, and advised she needed surgery. Dr. Farr's examination found decreased range of motion of the right wrist in all directions due to pain, swelling, and injury. But Hayes could make a full composite fist.

 In September 2016, Hayes returned to driving the van or bus without restriction. On October 19, 2016, Hayes visited Dr. Farr for treatments. Examination of the right wrist revealed Hayes could make a full fist and extend her hand in all directions.

On October 27, 2016, Hayes again heard a pop in her right wrist while strapping in a wheelchair-bound passenger. Due to pain, Hayes returned to the ER at Saints Mary & Elizabeth Hospital. She continued to seek treatment at Louisville Arm and Hand. She was restricted from pushing or pulling passengers over a certain weight. After the October incident, Hayes worked light duty, which included fueling vehicles, for First Transit for several months. Hayes is not sure for how long or to what extent she worked after the second accident.

On November 2, 2016, Hayes sought treatment from Dr. Farr, who noted Hayes had multiple ganglion cysts on her right wrist. Dr. Farr believed Hayes' job might be aggravating the cysts and causing pain. He did not, however, know the origin of the cysts. Surgery options were discussed. On November 8, 2016, Hayes went to Family Health Care Center – Portland. There she was diagnosed with an unspecified right wrist sprain. On November 9, 2016, Hayes returned to work with restrictions.

On January 11, 2017, Dr. Warren Bilkey conducted an independent medical examination. He received a history of the May 12, 2016 work event. He reviewed additional records and completed a physical examination. Hayes complained to Dr. Bilkey of constant pain in her right wrist. Although Dr. Bilkey claimed that Dr. Tien believed the ganglion cyst to be work related, the ALJ could not find a single statement by Dr. Tien expressing said belief. Dr. Bilkey diagnosed a May 12, 2016 work injury with aggravation occurring on October 27, 2016. According to Dr. Bilkey, Hayes had not reached MMI. He believed Hayes had developed chronic wrist pain, assessing a 4% total impairment, 1% for decreased range of motion and 3% for pain. Dr. Bilkey recommended work restrictions and continued use of a brace on her right wrist.

On January 27, 2017, Hayes treated with Dr. Tate at Norton's. Hayes complained of continued right wrist pain but could make a full fist with the right hand. Dr. Tate assessed right wrist pain with a ganglion cyst of the dorsum on the right wrist, but noted the ganglion cysts were not painful.

On March 6, 2017, Dr. Tate performed surgery to remove two ganglion cysts from the right wrist. The workers' compensation insurer denied liability for the surgery due to medical testimony that the ganglion cysts were unrelated to the work injury. Hayes did not appeal this decision. The surgery, according to Hayes, did not relieve her right wrist pain.

After the surgery, Hayes was restricted from work at First Transit for approximately three months. In June 2017, she was released to return to work

5

with restrictions. First Transit was unable to provide Hayes a job within her restrictions. Ultimately, Hayes did not return to work at First Transit. She found a job at Spectrum as a billing representative from March 2018 to April 2019. Spectrum terminated her for reasons unrelated to Hayes' wrist condition.

Dr. Bilkey answered a questionnaire on June 8, 2017, wherein he stated he was aware of Hayes' job description and duties. He also explained she was not able to return to the job due to ongoing right wrist issues and her 200 lbs. weight restriction was permanent. Later that same month, Dr. Bilkey reexamined Hayes. He once again diagnosed a May 12, 2016 work injury, which was aggravated on October 27, 2016. He believed Hayes had developed chronic wrist pain as a result of the wrist sprains. He assumed the cysts pre-existed the right wrist sprain and could have been aggravated by the sprain. He noted the pain was a result of the wrist sprain, not the cysts. As result, he recommended a permanent restriction of not pushing a person 200 lbs. or more but stated the rest of her job could be carried out without issue. He assessed an impairment of 3% for chronic pain. On July 5, 2017, Dr. Bilkey completed another questionnaire wherein he stated Hayes could not perform all the tasks assigned to her.

On July 28, 2017, Hayes completed a functional capacity exam (FCE) conducted by Ron Cole. The only injury recorded by Cole was in May 2016. He noted the chief diagnosis involved in the FCE related to the excision of a ganglion cyst in the right wrist. Hayes' range of motion was within normal limits during the FCE. Cole stated Hayes did not show maximum effort when

6

grasping. Nonetheless, he concluded Hayes could not return to work as a driver assisting wheelchair bound individuals over 200 lbs. or down any incline. Hayes was also unable to lift anything over 20 lbs. and her physical demand category was "light."

On August 1, 2017, Dr. Bilkey submitted yet another report based on his review of the July 28, 2017 FCE. After this review, Dr. Bilkey did not believe Hayes could return to her prior job. He believed she had 5% impairment based on range of motion issues. Later that month, Dr. Bilkey completed an attending physician's report wherein he stated Hayes could return to work that does not require her to lift or push heavy passengers.

Dr. Michael Nicoson of Hand and Wrist Surgery of Louisville was asked by First Transit to perform an independent examination in 2018. His report was released on August 2, 2018. He reviewed the history of the two work incidents and Hayes' medical records. Hayes told Dr. Nicoson she continued to have right wrist pain. Dr. Nicoson found no acute deficits or swelling. He diagnosed two right wrist sprains related to the work incidents. He agreed the cysts were not caused by the work incidents. He also noted her continued wrist pain was far greater than the anticipated pain from similar incidents. He agreed with Dr. Tien that Hayes had fully recovered from both wrist sprains and there was no permanent impairment.

In September 2018, Dr. Bilkey reported he disagreed with Dr. Nicoson's assessment. He believed Hayes had a 3% impairment due to chronic pain. On

April 22, 2019, Dr. Bilkey answered yet another questionnaire. He affirmed that he had incorrectly listed Hayes' impairment at 3%, instead of 5%.

On May 4, 2018, Hayes filed two Form 101s, detailing the separate right wrist injuries during her time at First Transit and related to her duties. The ALJ consolidated the two cases. Hayes testified by deposition on August 7, 2018 and March 26, 2019. The final hearing was held on July 23, 2019. The ALJ's Opinion, Order and Award was released on September 13, 2019.

The ALJ, relying on the evidence of Hayes, Dr. Tien, Dr. Wolens, and Dr. Nicoson, found Hayes sustained two temporary right wrist injuries on May 12, 2016 and October 27, 2016. As a result, and relying on the records of Dr. Wolens, Dr. Tien, and Dr. Nicoson, the ALJ found the injuries to be temporary and awarded limited periods of medical expenses for each injury. The ALJ also found Hayes' right wrist ganglion cysts were unrelated to and not aggravated by the work incidents. Therefore, the ALJ found no medical expenses related to the treatment of the cysts were compensable.

On September 27, 2019, Hayes filed a Petition for Reconsideration with the ALJ, which was denied. She then appealed the ALJ's Opinion, Order and Award to the Worker's Compensation Board (Board). On March 27, 2020, the Board affirmed the ALJ's opinion, supporting the ALJ's conclusion Hayes was not entitled to temporary total disability ("TTD"), nor did she suffer a permanent injury. The Board also affirmed the ganglion cysts were not related to nor aggravated by Hayes' work-related wrist sprains. Hayes promptly

8

appealed to the Court of Appeals, which affirmed the ALJ and the Board in a November 13, 2020 opinion. Hayes appealed to this Court.

## II. STANDARD OF REVIEW

As factfinder, the ALJ has the sole authority to determine the weight, credibility, and substance of the evidence. *Square D Co. v. Tipton,* 862 S.W.2d 308, 309 (Ky. 1993). Similarly, the ALJ has the sole authority to judge all reasonable inferences to be drawn from the evidence. *Miller v. E. Ky. Beverage/PepsiCo, Inc.,* 951 S.W.2d 329, 331 (Ky. 1997). The ALJ may reject any testimony and believe or disbelieve various parts of the evidence, regardless of whether it comes from the same witness or the same adversary party's total proof. *Magic Coal Co. v. Fox,* 19 S.W.3d 88, 96 (Ky. 2000). Mere evidence contrary to the ALJ's decision is inadequate to require reversal on appeal. *Id.* Reversal of a decision requires showing no substantial evidence of probative value supported the ALJ's opinion. *Special Fund v. Francis,* 708 S.W.2d 641, 643 (Ky. 1986).

## III. ANALYSIS

In a workers' compensation claim, the claimant has the burden of proving each essential element of the claim. *Am. Greetings Corp. v. Bunch,* 331 S.W.3d 600, 602 (Ky. 2010). Hayes failed to convince the ALJ she sustained a permanent right wrist injury, therefore entitling her to TTD benefits for the period of time she was off work due to the cyst surgery. Thus, the question on appeal is whether the evidence compels a different result. *Letcher Cty. Bd. of Educ. v. Hall,* 576 S.W.3d 123, 126 (Ky. 2019).

9

On appeal, Hayes argues she is entitled to TTD benefits related to surgery on her ganglion cysts. She argues the surgery, even if misdiagnosed, was originally planned to treat her work injuries. The ALJ found this not to be true. Before the ganglion surgery, Dr. Wolens stated the ganglion cysts were not the result of a work-related incident. While Dr. Wolens and Dr. Tiens believed the cysts may have been aggravated by the right wrist sprains, they agreed the cysts predated even the May 2016 sprain. Additionally, Dr. Tate stated Hayes was not experiencing any pain from the cysts before surgery, nor did Dr. Tate indicate the excision of the cysts was related to the prior work-related injuries.

Notably, Hayes did attempt to have the cyst surgery approved by Worker's Compensation. That was denied. Hayes did not appeal or file a medical dispute over this denial. She also chose to continue with the surgery, knowing it was not covered. This fact coupled with the substantial, objective medical evidence from multiple doctors does not give this Court a compelling reason to overturn the ALJ's finding related to TTD and reimbursement of the ganglion cyst surgery.

Hayes also argues the case should be remanded due to the ALJ's reliance on Dr. Wolens, who Hayes states did not have a complete medical history, and Dr. Tate, who Hayes claims failed to read all relevant medical records. But the ALJ did not rely solely on the authority of Dr. Tate and Dr. Wolens when drawing his conclusions related to the ganglion cysts. Even Dr. Bilkey argued the cysts were unrelated to the right wrist sprains, though they might have

10

been aggravated by them. We cannot find the ALJ relied on the evidence of either Dr. Wolens or Dr. Tate unreasonably, especially considering the testimony of Dr. Tien, Dr. Nicoson, and Dr. Bilkey regarding the ganglion cysts.

Third, Hayes believes she is entitled to a remand to the ALJ for further findings of fact and conclusions of law, specifically in relation to the permanency of her right wrist injury. In this case, the ALJ found Hayes has not met her burden of proof that she sustained a permanent right wrist injury on May 12, 2016 or October 27, 2016. The ALJ noted Hayes' medical records were inconsistent. He relied on Dr. Tiens, Dr. Wolens, and Dr. Nicoson to find both the May and October injuries to the right wrist were temporary. Dr. Bilkey disagreed, but the ALJ, as fact finder, has the right to believe or disbelieve any testimony so long as it is supported by the record. In this case, we find the ALJ's decision was adequately supported by the objective, medical testimony of multiple physicians.

Finally, Hayes argues this Court should not defer to the Board because the Board failed to follow controlling law; namely, that all injurious consequences flowing from a work-injury, and not attributable to an intervening cause, are compensable. *Ford Motor Co. v. Jobe*, 544 S.W.3d 628, 633 (Ky. 2018). She urges this precedent is applicable because her surgery was effectively a misdiagnosis and was meant to treat the work-related pain. In *Jobe*, however, the ALJ unequivocally found a causal connection between the secondary back surgery and the work-related hip injury. *Id.* Hayes' case is the opposite—the ALJ found the cysts were unrelated to the work injuries nor

11

aggravated by them. We therefore cannot accept Hayes' argument that *Jobe* is applicable without first reversing the above findings of fact, which we have already determined are supported by substantial evidence.

## IV. CONCLUSION

For the foregoing reasons, we affirm the ALJ's Opinion, Award and Order dated September 13, 2019.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Eric M. Lamb
Lamb & Lamb, PSC

COUNSEL FOR APPELLEE:

Douglas A. U'Sellis
John S. Harrison
U'Sellis Mayer & Associates

ADMINISTRATIVE LAW JUDGE:

Hon. John H. McCracken

WORKERS' COMPENSATION BOARD:

Michael Wayne Alvey, Chairman