RENDERED: APRIL 19, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1424-WC

PIKEVILLE MEDICAL CENTER                        APPELLANT

v.           PETITION FOR REVIEW OF A DECISION
OF THE WORKERS' COMPENSATION BOARD
ACTION NO. WC-20-51809

CHARLOTTE BAKER; HONORABLE
CHRIS GREG DAVIS,
ADMINISTRATIVE LAW JUDGE;
AND WORKERS' COMPENSATION
BOARD                                       APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, EASTON, AND GOODWINE, JUDGES.

EASTON, JUDGE: Pikeville Medical Center ("PMC") appeals the decision of the

Workers' Compensation Board ("Board") affirming the decision of the

Administrative Law Judge, Chris Greg Davis ("ALJ"). The decision awarded

benefits for a permanent total disability to Charlotte Baker ("Baker").  After review of the record, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Baker is a registered nurse.  She worked for PMC for forty years.  At the time of her injury, Baker was the head nurse of the neonatal intensive care unit ("NICU") at PMC.  On December 12, 2020, Baker was involved in the transfer of a patient from an ambulance.  As a stretcher was lifted, Baker fell.  She landed partially on another person.  As a result of her fall, Baker sustained a "closed comminuted mildly displaced left shoulder surgical neck fracture."  In less medical terms, she broke the upper part of the upper arm bone near where the top becomes part of the shoulder joint.  The fracture resulted in more than one piece, but the pieces did not move very much from where they were part of the bone.

Because of heart issues, Baker could not have surgery to correct this injury.  She went back to work but eventually could not perform her duties without significant pain.  Baker filed this claim for benefits and argued she had a permanent total disability.  PMC did not participate in this case until after the ALJ decided the claim.  As a result, the only evidence to consider was that offered by Baker.

Baker offered the opinion of Dr. McEldowney, who examined Baker in 2022 for the purpose of determining any disability.  Dr. McEldowney assessed

an 8% impairment of Baker's left upper extremity which resulted in a 5% impairment to Baker's body as a whole. In the doctor's opinion, this impairment prevents Baker from lifting more than eight pounds with her left arm. She cannot carry more than six pounds with her left arm. She cannot push or pull more than thirty pounds. Dr. McEldowney believes Baker cannot perform her prior work.

Because of the fall, Baker had also suffered a strain type injury to her sacroiliac joint at the left hip. Although Dr. McEldowney did not find any percentage of impairment resulting from that injury, he believed the effects of that injury would prevent Baker from sitting or standing for long periods.

Faced with this uncontradicted evidence, the ALJ considered other evidence and factors and reached a finding of a permanent total disability. PMC then entered an appearance and filed a Petition for Reconsideration, arguing the permanent total disability was not based on substantial evidence. The ALJ denied the Petition. The Board affirmed the ALJ. This appeal follows.

STANDARD OF REVIEW

In workers' compensation cases, the ALJ is the finder of facts. In deciding facts, the ALJ has sole discretion in the evaluation of the evidence. *Ford Motor Co. v. Jobe*, 544 S.W.3d 628, 631 (Ky. 2018). Factual findings cannot be set aside unless shown to be clearly erroneous. A finding is not clearly erroneous if supported by substantial evidence. *Lexington Fayette Urb. Cnty. Gov't v.*

*Gosper*, 671 S.W.3d 184, 199 (Ky. 2023). "Substantial evidence means evidence of substance and relevant consequence having the fitness to induce conviction in the minds of reasonable [people]." *Smyzer v. B.F. Goodrich Chem. Co.*, 474 S.W.2d 367, 369 (Ky. 1971) (citation omitted).

We then look at whether the ALJ and subsequently the Board correctly applied the law to the facts found. This review is *de novo*. *Bowerman v. Black Equip. Co.*, 297 S.W.3d 858, 874 (Ky. App. 2008). Ultimately, in an appellate capacity, this Court will reverse only if the ALJ and the Board "overlooked or misconstrued controlling law or so flagrantly erred in evaluating the evidence that it has caused gross injustice." *U.S. Bank Home Mortg. v. Schrecker*, 455 S.W.3d 382, 384 (Ky. 2014).

## ANALYSIS

KRS[1] 342.0011(11)(c) states: "'Permanent total disability' means the condition of an employee who, due to an injury, has a permanent disability rating and has a complete and permanent inability to perform any type of work as a result of an injury . . . ." KRS 342.0011(34) defines work: "'Work' means providing services to another in return for remuneration on a regular and sustained basis in a competitive economy . . . ." PMC insists Baker can perform some type of work and so does not meet these definitions.

---

[1] Kentucky Revised Statute.

Determination of permanent total disability includes a formulaic consideration of factors, but ultimately it is an individualized decision. *Ira A. Watson Dep't Store v. Hamilton*, 34 S.W.3d 48, 51 (Ky. 2000). Both the ALJ and the Board carefully considered Baker's individual circumstances. She is a NICU nurse in her mid-sixties at retirement age. Due to the specific permanent impairment to her left shoulder, Baker cannot lift or carry even an average sized newborn child. She tried to continue work but found it impossible to do because of persistent pain. Any suggestion she could do some other nursing work ignores her inability to even sit at a desk for long periods.

The evidence of record is sufficient to support the thoughtful analysis by the ALJ and the Board that Baker's individual situation makes her unable to work "on a regular and sustained basis in a competitive economy." Neither the ALJ or the Board misapplied the law, nor did they incorrectly evaluate the evidence resulting in any "gross injustice." The decision of the Board is AFFIRMED.

ALL CONCUR.

BRIEF FOR APPELLANT:

Sara May
Pikeville, Kentucky

BRIEF FOR APPELLEE:

C. Phillip Wheeler, Jr.
Pikeville, Kentucky