RENDERED:  AUGUST 30, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0887-WC

DERRICK SHEPHERD                                                           APPELLANT

v.
PETITION FOR REVIEW OF A DECISION
OF THE WORKERS' COMPENSATION BOARD
ACTION NO. WC-19-56280

BOBBY HAMILTON; FLAGET
MEMORIAL HOSPITAL;
HONORABLE STEPHANIE KINNEY,
ADMINISTRATIVE LAW JUDGE;
ULP ACB ORTHOPEDICS; ULP
RADIOLOGICAL ASSOCIATES;
AND WORKERS' COMPENSATION
BOARD                                                                          APPELLEES

OPINION
REVERSING

** ** ** ** **

BEFORE:  ACREE, COMBS, AND ECKERLE, JUDGES.

ACREE, JUDGE:  Appellant, Derrick Shepherd, appeals the Workers'

Compensation Board's (Board) June 24, 2022, opinion affirming several orders

issued by an administrative law judge (ALJ).  In light of new precedent set forth by

the Kentucky Supreme Court in *Farley v. P&P Constr., Inc.*, 677 S.W.3d 415 (Ky. 2023), we reverse.

Appellee, Bobby Hamilton, sustained injuries on November 5, 2019, when sheetrock fell on him while he was working. His injuries were readily apparent, and he filed a Form 101 on March 22, 2021. In its opinion, the Board indicated that Hamilton suffered a displaced left lateral tibial plateau fracture and a displaced left bimalleolar ankle fracture. Thereafter, Kentucky Employers' Mutual Insurance (KEMI) began paying medical bills.

At issue are three pre-award bills submitted that Appellant claims are untimely. All three bills were submitted to KEMI more than 45 days after the medical provider initiated services.[1]

Appellant argues as he did before the administrative tribunal that these bills are not compensable because they were submitted to KEMI outside of the 45-day requirement found in KRS[2] 342.020(4). The ALJ disagreed. On review by the Board, the Board agreed with the ALJ, reading the Kentucky Supreme Court's decision in *Wonderfoil, Inc. v. Russell*, 630 S.W.3d 706 (Ky. 2021), as determining

---

[1] ULP Radiological Associates rendered services to Hamilton on November 7, 2019, and submitted bills to KEMI for these services on March 9, 2020. Flaget Memorial Hospital rendered services on November 5, 2019, and submitted bills to KEMI for these services on August 17, 2021. ULP ACB Orthopedics rendered services on multiples dates in late 2020 and early 2021 and submitted bills to KEMI for these services on August 24, 2021.

[2] Kentucky Revised Statutes.

that the 45-day time limit of KRS 340.020(4) only applies post-award submission of medical bills. This appeal follows.

Before addressing the merits, we must address Appellee's failure to file a brief in this appeal. Pursuant to RAP[3] 31(H)(3): "If the appellee's brief has not been filed within the time allowed, the court may: (a) accept the appellant's statement of the facts and issues as correct; (b) reverse the judgment if appellant's brief reasonably appears to sustain such action; or (c) regard the appellee's failure as a confession of error and reverse the judgment without considering the merits of the case." RAP 31(H)(3). We choose to accept Appellant's statement of facts and issues as correct.

When this Court undergoes appellate review of a Board's decision, we review *de novo*. *Farley*, 677 S.W.3d at 419 (citing *Ford Motor Co. v. Jobe*, 544 S.W.3d 628, 631 (Ky. 2018)). "As a reviewing court, we are bound neither by an ALJ's decisions on questions of law or an ALJ's interpretation and application of the law to the facts. In either case, our standard of review is *de novo*." *Jobe*, 544 S.W.3d at 631 (citing *Bowerman v. Black Equip. Co.*, 297 S.W.3d 858, 866 (Ky. App. 2009)). Where, as here, we engage in statutory interpretation, "we apply the same rules that are applicable to statutory construction and interpretation." *Comprehensive Home Health Servs., Inc. v. Prof. Home Health Care Agency, Inc.*,

---

[3] Kentucky Rules of Appellate Procedure.

434 S.W.3d 433, 441 (Ky. 2013) (citing *Revenue Cabinet v. Joy Techs., Inc.*, 838 S.W.2d 406 (Ky. App. 1992)).  *See Wonderfoil*, 630 S.W.3d at 709-10.

We are fortunate that the Kentucky Supreme Court has already, and recently, answered the question presented to us in this appeal – does the 45-day requirement for submitting medical bills found in KRS 342.020(4) apply to pre-award charges for medical treatment?  The Supreme Court answered in the affirmative.

In *Farley*, under similar facts as those presented here, the Kentucky Supreme Court determined nothing in the statutes, regulations, or caselaw "provides support for the Board's ruling that the 45-day requirement for a provider to submit medical billing statements only applies post-award."  677 S.W.3d at 422.

Here, the Board relied on the Court's reasoning in *Wonderfoil*, but the Court in *Farley* explained why the Board's interpretation of *Wonderfoil* goes too far:

> [I]n *Wonderfoil* we only addressed the time limits for employees to submit medical bills to the employer for repayment as set forth in 803 KAR[4] 25:096 § 11(2). Neither that regulation, nor this Court, addressed the statutory language of KRS 342.020(4) requiring medical service providers to submit billing statements within 45 days of service.

*Farley*, 677 S.W.3d at 422.  The same distinction applies here.

---

[4] Kentucky Administrative Regulations.

*Farley* controls. The medical bills at issue were not timely submitted. Each was submitted beyond the 45-day time limit allowed in KRS 340.020(4). Therefore, KEMI is under no statutory obligation to pay the medical bills that were not submitted within the statutory limitation period.

As the Kentucky Supreme Court said in *Farley*: "Arguments by either the Board or providers regarding the narrow timeframe of the 45-day window for the submission of medical billings must be made to the legislature as its province is to draft and, if necessary, amend our Commonwealth's statutes." *Farley*, 677 S.W.3d at 423.

For the foregoing reason, we reverse.

ALL CONCUR.

BRIEF FOR APPELLANT:                    NO BRIEF FOR APPELLEE.

Johanna F. Ellison
Lexington, Kentucky