**ST. JOSEPH HOSPITAL, Appellant,**

v.

**Pamela LITTLETON–GOODAN; Hon. R. Scott Borders, Administrative Law Judge; and Workers' Compensation Board, Appellees.**

**No. 2007–SC–000688–WC.**

Supreme Court of Kentucky.

Aug. 21, 2008.

Ronald Jude Pohl, Pohl, Kiser & Aubrey, P.S.C., Lexington, KY, Counsel for Appellant, St. Joseph Hospital.

Donald Gene Smith, McKinnley Morgan, Morgan, Madden, Brashear & Collins, London, KY, Counsel for Appellee, Pamela Littleton–Goodan.

## OPINION OF THE COURT

When deciding the reopening that is the subject of this appeal, the Administrative Law Judge (ALJ) relied on a Form 107 medical report that accompanied the claimant's initial application for benefits although neither party designated it as being part of the evidence at reopening. The Workers' Compensation Board (Board) and the Court of Appeals affirmed. Both determined that 803 KAR 25:010, § 4(6) requires the movant to examine the record in the initial proceeding and, in good faith, designate those portions that are relevant to the issues raised. They also determined that an ALJ may consider any portion of the record in the original proceeding that is relevant at reopening, regardless of whether a party designates it as evidence.

Appealing, the employer continues to assert that the regulation limits the evidence at reopening to that which the parties designate. It argues that the disputed Form 107 amounted to evidence outside the record and that it lacked knowledge of the report and had no opportunity for rebuttal. We affirm.

The claimant worked for the defendant-employer as a phlebotomist and testified subsequently that she took blood samples from 30 to 75 or 80 patients per day. Her application for benefits alleged a work-related repetitive trauma injury (bilateral carpal tunnel syndrome and thoracic outlet syndrome) that became manifest in May 1991. She attached a Form 107 report from Dr. Atasoy, a hand surgeon who had treated her since 1994. Dr. Atasoy attributed her symptoms to the effects of repetitive motion in her work and assigned a 15% permanent impairment rating. The parties settled the claim in 1997 for a lump sum that represented a 5% occupational disability. The agreement noted that the employer disputed whether the condition was work-related. It did not include a waiver of future medical expenses.

The employer continued to pay the claimant's medical expenses without protest until April 13, 2005, when it filed a motion to reopen and medical fee dispute. The employer asserted that the carpal tunnel syndrome and thoracic outlet syndrome were not work-related or, in the alternative, that the ongoing treatment with Dr. Atasoy was unreasonable and unnecessary. The motion was sustained to the extent that the matter was assigned for further proof-taking and adjudication.

The employer submitted evidence from Drs. Primm, Goldman, and Burgess to show that the claimant's complaints were not work-related. The claimant relied on medical records from Dr. Atasoy and a report from Dr. Breidenbach to show that they were work-related. Relying on the claimant's experts, the ALJ determined ultimately that the conditions were work-

related and that the treatment Dr. Atasoy provided was reasonable and necessary. The decision relied not only on the medical records the claimant submitted at reopening but also on the Form 107 that she submitted with her initial application. The ALJ overruled the employer's petition for reconsideration, after which it appealed.

803 KAR 25:010, § 4(6)(a)6 requires a motion to reopen to be accompanied by:

[a] designation of evidence from the original record specifically identifying the relevant items of proof which are to be considered as part of the record during reopening.

803 KAR 25:010, § 4(6)(b)1 states that:

[a] designation of evidence made by a party shall list only those items of evidence from the original record that are relevant to the matters raised on reopening.

803 KAR 25:010, § 4(6)(b)2 provides that:

[t]he burden of completeness of the record shall rest with the parties to include so much of the original record, up to and including the award or order on reopening, as is necessary to permit the administrative law judge to compare the relevant evidence that existed in the original record with all subsequent evidence submitted by the parties.

803 KAR 25:010, § 4(6)(c)3 provides that:

[a] response to a motion to reopen may contain a designation of evidence specifically identifying evidence from the original record not already listed by the moving party that is relevant to matters raised in a response.

The employer concedes that Dr. Atasoy's Form 107 was properly entered into evidence in the original claim. It asserts, however, that the purpose of 803 KAR 25:010, § 4(6) is to limit the evidence at reopening to that which the parties designate in order to avoid a "surprise." Otherwise, there would be no reason to require evidence to be designated. It concludes that the parties' failure to resubmit the Form 107 or designate it as evidence at reopening precluded the ALJ from considering it. We disagree.

The Board explained that the paper record from a workers' compensation proceeding is destroyed after being reduced to electronic format and that the purpose of 803 KAR 25:010, § 4(6) is practical. It limits the portions of the record that the Office of Workers' Claims must reconstruct at reopening to those that are relevant. The Board also explained that regardless of what evidence the parties designate, the Office includes certain other documents in the record at reopening. Among them is a copy of the initial claim, including the required medical report. The Board construed the regulation as requiring the movant to examine the record in the initial proceeding and, in good faith, designate those portions that are relevant to the issues raised. It determined that the regulation did not prevent an ALJ from considering any portion of the record in the original proceeding that is relevant at reopening, regardless of whether a party designates it as evidence.

*Board of Trustees of the Judicial Form Retirement System v. Attorney General of the Commonwealth of Kentucky*, 132 S.W.3d 770, 787 (Ky.2003), explains that the courts generally defer to an administrative agency's interpretation of its own regulations. We find the Board's interpretation of 803 KAR 25:010, § 4(6) to be more persuasive that the employer's. Moreover, we are not convinced that it will permit a party to be unfairly "surprised"

by evidence that its opponent failed to designate.

When a worker files a claim, the Office serves the employer with a copy, including all attachments. Both parties must serve their opponent with all of the evidence they submit and are charged with knowledge of that evidence if the claim is reopened. The regulation does not limit an ALJ's authority to consider any of the evidence, including the initial claim and attachments. It serves the practical purpose of limiting the evidence that the Office must reconstruct at reopening to that which is relevant. The regulation requires the movant to designate, in good faith, the evidence relevant to the motion, and it permits the respondent to designate evidence not already listed that is relevant to the response. The regulation prevents a party from complaining that relevant evidence was not included in the reconstructed record by placing the burden on the parties to assure that it is complete.

Although a medical fee contest prompted this reopening, the issues included causation because the underlying award was a settlement. The ALJ did not err in considering Dr. Atasoy's Form 107 although the parties failed to designate it. The report was properly admitted into evidence in the initial claim, was part of the reconstructed case file at reopening, and addressed causation.

The decision of the Court of Appeals is affirmed.

MINTON, C.J., and ABRAMSON, CUNNINGHAM, NOBLE, SCHRODER, and SCOTT, JJ., concur. VENTERS, J., not sitting.