**Susan GARNO, Appellant**

v.

**SOLECTRON USA; Honorable Grant S. Roark, Administrative Law Judge; and Workers' Compensation Board, Appellees.**

**No. 2010–SC–000154–WC.**

Supreme Court of Kentucky.

Dec. 16, 2010.

Wayne C. Daub, Louisville, KY, Counsel for Appellant, Susan Garno.

Kimberly K. Van Der Heiden, Allen, Kopet & Associates, PLLC, Lexington, KY, and Lyn Douglas Powers, Fulton & Devlin, Louisville, KY, Counsel for Appellee, Solectron USA.

## OPINION OF THE COURT

An Administrative Law Judge (ALJ) found that the claimant's Form 114 requests for reimbursement of medical expenses were non-compensable with respect to expenses incurred more than 60 days before being submitted and that no reason-

able grounds excused the delay.[1] The Workers' Compensation Board and the Court of Appeals affirmed. Appealing, the claimant asserts that her reimbursement requests were timely and that her attempts to request reimbursement were reasonable under the circumstances.

We affirm because the record does not reveal an error in applying the law or an abuse of the ALJ's discretion. Contrary to the claimant's assertion, the March 2006 order finding her injuries to be work-related and directing insurance carriers to pay interlocutory temporary total disability (TTD) and medical benefits equally was enforceable. The record did not compel a finding that she submitted a reimbursement request before entry of the interlocutory order or show a reasonable cause for her failure to do so until January 2007.

The claimant worked for Solectron–USA from February 2002 until sometime in February 2004. She filed an application for benefits in January 2005 in which she alleged that she sustained work-related low back injuries on October 14, 2002 and January 15–16, 2004. She listed Royal & Sun Alliance (now Arrowpoint Capital Corporation) as the employer's workers' compensation insurance carrier. Although Royal insured Solectron's liability in 2002, St. Paul Travelers insured its liability in 2004. ALJ Cowden joined Travelers as a party on May 9, 2005, the date of the first scheduled Benefit Review Conference (BRC), and counsel representing Solectron as insured by Travelers entered an appearance shortly thereafter.

ALJ Cowden bifurcated the claim in December 2005 because the claimant had not reached maximum medical improvement (MMI) from an L3–4–5 fusion performed in June 2005. The issues submitted for a decision at that time included work-relat-

---

1. 803 KAR 25:096, § 11(2) and (3).

edness/causation; the apportionment of liability between the carriers; whether an injury occurred as defined by the Workers' Compensation Act; and the claimant's entitlement to temporary total disability (TTD) benefits and medical expenses.

In an order and award entered on March 24, 2006, ALJ Cowden found the alleged injuries to be work-related and ordered Royal to pay all TTD and medical benefits due from October 14, 2002 through January 16, 2004. Convinced that the injuries contributed equally to the need for the L3–4–5 fusion, ALJ Cowden apportioned equal liability to the insurance carriers for TTD and medical benefits after January 17, 2004, which included the surgery. Questions concerning the extent and duration of disability, application of benefit modifiers, and entitlement to vocational rehabilitation were held in abeyance until such time as the claimant reached maximum medical improvement (MMI). An amended order entered on May 4, 2006 specified the periods of TTD resulting from the 2002 injury for which Royal bore sole liability and specified January 14, 2004 as being the final date from which Royal bore sole liability for the claimant's medical expenses.

Evidence produced subsequently indicated that the claimant moved to Florida in November 2005 and began treatment with Dr. Billys, who recommended a discogram and possible fusion at L5–S1. Dr. Gleis evaluated the claimant for Solectron and reported in September 2006 that she had reached MMI from the surgery performed in 2005. He stated that he did not think the additional surgery proposed by Dr. Billys would improve her low back condition. The claim was then reassigned to ALJ Roark, who ordered TTD to be terminated and removed the claim from abeyance.

On January 29, 2007 the claimant's attorney submitted to the carriers multiple Form 114 reimbursement requests with attached invoices and receipts that claimed over $20,000.00 in out-of-pocket medical expenses, some of which dated to 2002 and 2003. The forms were signed by the claimant and dated "May 9, 2005." The submission also contained a document indicating that Dr. Billys was scheduled to perform the L5–S1 fusion on January 31, 2007.

The carriers filed medical disputes to contest the requests, asserting on their Form 112 filings that the requests were untimely under 803 KAR 25:096, § 11 and were not supported by the documentation necessary to determine if the expenses were compensable. They contested liability for the L5–S1 fusion and treatment provided by Dr. Billys and moved to have him joined as a party, complaining that the claimant failed to request pre-authorization, which prevented the employer from conducting utilization review, and also complaining that she failed to complete the form she was given in September 2006 to designate Dr. Billys as her treating physician.

The claimant filed with the Office of Workers' Claims on May 9, 2008 and submitted to the carriers a document styled "COMPLIANCE WITH ADMINISTRATIVE LAW JUDGE'S ORDER" as well as various attachments. The submission did not include a Form 114 reimbursement request or certify that the expenses were incurred for the cure or relief of the claimant's injuries. The attachments included receipts for some prescriptions the claimant received from 2006 through 2008, which listed the copays; a printout that listed some of the same as well as other prescriptions and included handwritten copays; and a list of other expenses and mileage. A separate printout from the

Florida Orthopedic Institute listed various charges for the period from May 2006 through November 2007 but failed to explain their necessity. The carriers filed supplemental medical disputes to contest payment, asserting that the claimant failed to follow the proper procedure to request reimbursement and that the request was untimely.

The claimant acknowledged at the hearing that she failed to direct medical bills incurred after March 2006 to be submitted directly to the carriers. She also acknowledged that she knew they were equally liable but used her health insurance coverage instead. She stated that she knew Dr. Billys failed to seek approval for surgery but blamed the failure on one of his employees.

ALJ Roark agreed with ALJ Cowden's previous findings that the claimant sustained compensable injuries in 2002 and 2004 and that the injuries contributed equally to any work-related medical expenses she incurred on and after January 15, 2004. Finding the opinions of Drs. Gleis and Schiller to be more reliable than those of Dr. Billys, ALJ Roark determined that the L5–S1 fusion was non-compensable because it was neither reasonable nor necessary treatment for the injuries. Noting that the March 2006 order found expenses for treating the work-related injuries to be compensable, the ALJ determined that the claimant offered no reasonable excuse for her failure to submit reimbursement requests until January 11, 2007. The ALJ concluded as a

consequence that expenses incurred more than 60 days before January 11, 2007 and subsequent expenses incurred more than 60 days before submission were not compensable under KAR 25:096, § 11.

The claimant asserts that ALJ Roark erred by finding her reimbursement requests to be untimely. She argues that she made reasonable attempts to seek reimbursement, pointing to her hearing testimony that she first submitted reimbursement requests to the attorney who represented Solectron at the May 9, 2005 BRC and to the fact that the requests submitted in January 2007 were dated May 9, 2005.[2] She also argues that her obligation to submit reimbursement requests did not begin with the interlocutory order of March 24, 2006 because the order would not have been enforceable. She maintains that her requests were timely, reasoning that she was entitled to submit them within a reasonable period after ALJ Roark entered the final award but did so before he entered the award. We disagree. The record reveals no error in applying the law or abuse of discretion by ALJ Roark.

KRS 342.020 entitles an injured worker to reasonable and necessary medical treatment for the effects of a work-related injury.[3] It also seeks to ensure that medical services are provided efficiently and economically by requiring injured workers to designate a single treating physician or physicians' group to supervise medical services;[4] by permitting employers to provide medical services through a managed

<hr>

2. Nothing in the record supports the claimant's testimony that she submitted the reimbursement requests at the BRC. Solectron denied receiving them. Moreover, Travelers was not joined as a party until the date of the BRC and did not enter an appearance until sometime thereafter. Both carriers attached Form 114 reimbursement requests dated May 9, 2005 to the medical disputes that they filed

after receiving the claimant's January 29, 2007 submission. The claimant filed requests dated May 9, 2005 into the record on June 11, 2008.

3. KRS 342.020(1).

4. KRS 342.020(5).

health care system;[5] and prohibiting fees that exceed medical fee schedules.[6] KRS 342.020 and the accompanying regulations also seek to ensure the prompt billing and payment of compensable medical expenses by imposing certain duties on providers, employers, and injured workers.

KRS 342.020(1) requires a provider to submit a statement for services within 45 days of the date that treatment of a work-related injury is initiated and every 45 days thereafter. It then requires the employer to pay the provider within 30 days of receiving the statement unless the period is tolled by regulation, such as during utilization review.[7] At issue presently is 803 KAR 25:096, § 11, which permits a worker to be reimbursed for reasonable expenses incurred in accessing compensable medical treatment. The regulation requires a reimbursement request to be made on a Form 114 and submitted to the employer within 60 days of incurring the expense but permits reasonable grounds to excuse a failure to submit a timely Form 114.

We find no merit in the claimant's argument that her obligation to present reimbursement requests did not arise until a final award was entered because the interlocutory order would not have been enforceable. KRS 342.275(2) authorizes an ALJ to "grant or deny any benefits afforded under this chapter, including interlocutory relief...." Moreover, KRS 342.305 permits a party to obtain a circuit court judgment in accordance with "an order or decision of the administrative law judge or board, or an award of the administrative law judge unappealed from...." These provisions clearly permit the terms of an ALJ's interlocutory order and award to be enforced until superseded by a subsequent order or award.

The interlocutory order and award entered in March 2006 found the claimant's injuries to be work-related and directed the insurance carriers to pay TTD and medical benefits equally. The order on reconsideration entered in May 2006 found Royal solely liable for compensable medical expenses incurred through January 14, 2004. Nothing in the record compelled a finding that the claimant submitted a reimbursement request before January 2007 or demonstrated a reasonable cause for her failure to do so until then.

The decision of the Court of Appeals is affirmed.

All sitting. All concur.

---

**5.** KRS 342.020(3) and (4).

**6.** KRS 342.020(1). *See also* KRS 342.035.

**7.** 803 KAR 25:190, § 5(4).