RENDERED:  JANUARY 8, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0731-WC

CEDAR LAKE PARK PLACE                                    APPELLANT

PETITION FOR REVIEW OF A DECISION
v.          OF THE WORKERS' COMPENSATION BOARD
ACTION NO. WC-12-83372

PENNY BERRY; HONORABLE
CHRIS DAVIS, ADMINISTRATIVE
LAW JUDGE; AND WORKERS'
COMPENSATION BOARD                                       APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, DIXON, AND TAYLOR, JUDGES.

DIXON, JUDGE:  Cedar Lake Park Place ("Cedar Lake") petitions for review of

the Workers' Compensation Board ("Board") opinion vacating and remanding

entered April 3, 2020, as well as the opinion and order resolving a medical fee

dispute and order on reconsideration, entered December 3, 2019, and December

27, 2019, respectively, by Administrative Law Judge ("ALJ") Chris Davis. Following review of the record, briefs, and law, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

Beginning in 2010, Penny Berry was employed on a part-time basis as a Registered Nurse for Cedar Lake. Over the course of her employment, Berry began experiencing work-related allergies, asthma, bronchitis, and pulmonary problems as a result of mold at Cedar Lake's facility. Over time, her symptoms worsened, and she eventually had to stop working for Cedar Lake altogether. Berry's last date of exposure was October 26, 2012.

On October 26, 2012, Berry filed a Form 101, Application for Resolution of a Claim-Injury, alleging work-related injuries as described above. Cedar Lake initially denied Berry's claims, but it eventually stipulated to the work-related injuries. On June 27, 2013, an award and order was entered finding Berry had work-related asthma, and ALJ William J. Rudloff awarded her temporary total disability, permanent partial disability, and medical benefits. On September 4, 2015, the ALJ entered an amended opinion and order. Berry appealed to the Board, which affirmed the ALJ on February 5, 2016.

A motion to reopen Berry's claim and Form 112, Medical Dispute, were filed on June 4, 2018, alleging that out-of-pocket medical expenses had not been paid pursuant to the award. Benefit Review Conferences were held on July

31, 2018, and September 15, 2018, and a hearing was held on October 15, 2019. The sole issue before ALJ Davis was the timeliness of Berry's submission of her medical bills and requests for reimbursement of her co-pays. On December 3, 2019, the ALJ entered an opinion and order finding Berry's requests for reimbursement were not submitted until the date of the motion to reopen— untimely and, thus, non-compensable. Berry petitioned the ALJ to reconsider the opinion and order. On December 27, 2019, the ALJ entered his order on reconsideration "correcting" his original finding concerning the date of Berry's first request for reimbursement to May 31, 2016, but still finding Berry's requests for reimbursement untimely and, therefore, non-compensable.

Berry appealed the ALJ's orders concerning the medical fee dispute to the Board. On April 3, 2020, the Board vacated and remanded the ALJ's orders due to evidence of record indicating timely submissions of requests for reimbursement. The Board noted "the record clearly indicates at least two spreadsheets of out-of-pocket medical expenses plus certain invoices were sent to Cedar Lake prior to May 31, 2016." ROA[1] 1382 (emphasis in original). The Board vacated "the ALJ's determination that Berry's out-of-pocket medical expenses are untimely and, consequently, non-compensable and remand[ed] the claim for additional findings." ROA 1381. This appeal followed.

---

[1] Record on Appeal.

# STANDARD OF REVIEW

The appropriate standard of review for workers' compensation claims was summarized in *Bowerman v. Black Equip. Co.*, 297 S.W.3d 858, 866-67 (Ky. App. 2009).

> Appellate review of any workers' compensation decision is limited to correction of the ALJ when the ALJ has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice. *Western Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687-88 (Ky. 1992). Our standard of review differs in regard to appeals of an ALJ's decision concerning a question of law or a mixed question of law and fact *vis-à-vis* an ALJ's decision regarding a question of fact.
>
> The first instance concerns questions of law or mixed questions of law and fact. As a reviewing court, we are bound neither by an ALJ's decisions on questions of law or an ALJ's interpretation and application of the law to the facts. In either case, our standard of review is *de novo*. *Carroll v. Meredith*, 59 S.W.3d 484, 489 (Ky. App. 2001); *Cinelli v. Ward*, 997 S.W.2d 474, 476 (Ky. App. 1998). *De novo* review allows appellate courts greater latitude in reviewing an ALJ's decision. [*Purchase Transp. Serv.'s v. Estate of Wilson,* 39 S.W.3d 816, 817-18 (Ky. 2001); *Uninsured Emp'rs' Fund v. Garland*, 805 S.W.2d 116, 117 (Ky. 1991)].
>
> The second instance concerns questions of fact. [Kentucky Revised Statutes (KRS)] 342.285 designates the ALJ as finder of fact, and has been construed to mean that the factfinder has the sole discretion to determine the quality, character, weight, credibility, and substance of the evidence, and to draw reasonable inferences from the evidence. *Paramount Foods, Inc. v. Burkhardt*, 695 S.W.2d 418, 419 (Ky. 1985); [*McCloud v. Beth-Elkhorn*

*Corp.*, 514 S.W.2d 46, 47 (Ky. 1974)]. Moreover, an ALJ has sole discretion to decide whom and what to believe, and may reject any testimony and believe or disbelieve various parts of the evidence, regardless of whether it comes from the same witness or the same adversary party's total proof. *Caudill v. Maloney's Discount Stores*, 560 S.W.2d 15, 16 (Ky. 1977).

KRS 342.285 also establishes a "clearly erroneous" standard of review for appeals concerning factual findings rendered by an ALJ, and is determined based on reasonableness. *Special Fund v. Francis*, 708 S.W.2d 641, 643 (Ky. 1986). Although an ALJ must recite sufficient facts to permit meaningful appellate review, KRS 342.285 provides that an ALJ's decision is "conclusive and binding as to all questions of fact," and that the Board "shall not substitute its judgment for that of the [ALJ] as to the weight of evidence on questions of fact[.]" *Shields v. Pittsburgh & Midway Coal Mining Co.,* 634 S.W.2d 440, 441 (Ky. App. 1982). In short, appellate courts may not second-guess or disturb discretionary decisions of an ALJ unless those decisions amount to an abuse of discretion. [*Medley v. Bd. of Educ., Shelby County*, 168 S.W.3d 398, 406 (Ky. App. 2004)]. Discretion is abused only when an ALJ's decision is arbitrary, unreasonable, unfair, or unsupported by sound legal principles. *Downing v. Downing*, 45 S.W.3d 449, 454 (Ky. App. 2001).

. . . .

Generally, "arbitrariness" arises when an ALJ renders a decision on less than substantial evidence, fails to afford procedural due process to an affected party, or exceeds her statutory authority. [*K & P Grocery, Inc. v. Commonwealth, Cabinet for Health Serv.'s*, 103 S.W.3d 701, 703 (Ky. App. 2002)].

Substantial evidence is "that which, when taken alone or in light of all the evidence, has sufficient probative value to induce conviction in the mind of a reasonable person." *Bowling v. Nat. Res. & Envt'l Prot. Cabinet*, 891 S.W.2d 406, 409 (Ky. App. 1994). Our standard of review requires us to show considerable deference to the ALJ and the Board.

## ALJ IS FACT-FINDER

On appeal, Cedar Lake contends the Board erred in vacating the ALJ's orders, alleging the Board exceeded its authority by making findings of fact reserved for the ALJ. The Board disagreed with the ALJ's finding that no request for reimbursement of Berry's co-pay was made prior to May 31, 2016.[2] That finding was not supported by the record which, as the Board observed, clearly contained requests prior to that date.[3] We agree with the Board that the ALJ's finding concerning the first date of request constituted an abuse of discretion because that finding is not supported by the record and is, therefore, patently unfair and unreasonable. Contrary to Cedar Lake's contentions, the Board did not usurp the ALJ's role and make a finding of fact concerning the date(s) of requests for

---

[2] The ALJ admitted in his December 27, 2019, order that he had erroneously found in his December 3, 2019, order that the date of the first request for reimbursement was not until June 4, 2018.

[3] Correspondence in the record demonstrates a letter was sent to Cedar Lake with a spreadsheet of expenses, dated June 18, 2013; an email was also ostensibly sent to Cedar Lake with updated out-of-pocket medical expenses dated October 16, 2013.

reimbursement but, rather, appropriately vacated and remanded these portions of the ALJ's orders for further—accurate—findings.

## 803 KAR 25:096 § 11(2)

Cedar Lake also argues the Board misconstrued controlling precedent in holding that 803 KAR[4] 25:096 §11(2)[5] does not apply pre-award. The Board cited to *Garno v. Solectron USA*, 329 S.W.3d 301 (Ky. 2010), in which the ALJ entered an interlocutory order finding the claimant's medical expenses compensable, but the claimant failed to submit her expenses until after entry of the final award. *Id*. at 304. The court held the claimant was required to submit her medical expenses upon entry of the interlocutory order because "KRS 342.275(2) authorizes an ALJ to 'grant or deny any benefits afforded under this chapter, including interlocutory relief[.]'" *Id*. at 305.

Here, the Board—citing *Garno*—opined "[r]egarding any request for reimbursement made before February 5, 2016, the date ALJ Rudloff's September

---

[4] Kentucky Administrative Regulations.

[5] This section reads:

> Expenses incurred by an employee for access to compensable medical treatment for a work injury or occupational disease, including reasonable travel expenses, out-of-pocket payment for prescription medication, and similar items shall be submitted to the employer or its medical payment obligor within sixty (60) days of incurring of the expense. A request for payment shall be made on a Form 114.

4, 2015, Amended Order was finalized, the 60-day rule in 803 KAR 25:096 §11(2) is not applicable." ROA 1384. However, this statement demonstrates at least a partial misunderstanding of *Garno*'s holding, which requires submission of medical expenses following interlocutory awards, if any, as well as final ones. In the case herein, Berry was awarded medical benefits via an interlocutory order entered by the ALJ on June 27, 2013. Therefore, the 60-day rule set forth in 803 KAR 25:096 §11(2) applies to medical expenses incurred after June 27, 2013, not exclusively those incurred after the award became final.

Aside from the error concerning the date on which 803 KAR 25:096 §11(2) became applicable to the claim herein, the remainder of the Board's interpretation of controlling precedent and the 60-day submission requirement of 803 KAR 25:096 §11 is reasonable, and we "generally defer to an administrative agency's interpretation of its own regulations." *St. Joseph Hosp. v. Littleton-Goodan*, 260 S.W.3d 826, 828 (Ky. 2008). We hold that the mandatory deadlines specified in 803 KAR 25:096 §11 apply post-award, whether the award is final or interlocutory, as is the case here. Because medical expenses are not compensable until an award is entered, it is reasonable that an employee is not required to submit medical expenses until an award is entered. In light of the Board's remaining guidance and ours provided herein, the Board did not err in remanding this claim to the ALJ for additional—appropriate—analysis in its decision.

Therefore, we affirm the Board's opinion remanding this matter to the ALJ for additional findings of fact concerning the dates of Berry's requests for reimbursement and whether they were timely, applying 803 KAR 25:096 §11(2) to this claim post-interlocutory award as opposed to solely post-final award.

## CONCLUSION

For the foregoing reasons, the opinion of the Workers' Compensation Board is AFFIRMED.

ALL CONCUR.

BRIEF FOR APPELLANT:

Joseph C. Klausing
Priscilla C. Page
Louisville, Kentucky

BRIEF FOR APPELLEE PENNY BERRY:

Wayne C. Daub
Louisville, Kentucky