# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT.  OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: DECEMBER 16, 2021
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2021-SC-0052-WC

CEDAR LAKE PARK PLACE                                      APPELLANT

V.

ON APPEAL FROM COURT OF APPEALS
NO. 2020-CA-0731
WORKERS' COMPENSATION BOARD
NO. WC-12-83372

PENNY BERRY; HONORABLE CHRIS                       APPELLEES
DAVIS, ADMINISTRATIVE LAW JUDGE;
AND WORKERS' COMPENSATION BOARD

## MEMORANDUM OPINION OF THE COURT

### AFFIRMING

In this medical fee dispute, Cedar Lake Park Place (Cedar Lake) appeals the decision of the Court of Appeals, which affirmed the Workers' Compensation Board's (the Board) reversal and remand of the Administrative Law Judge's (ALJ) opinion and order finding that Penny Berry (Berry) untimely submitted out-of-pocket medical expenses, thereby rendering those expenses non-compensable. The sole issue on appeal is whether Berry timely submitted her out-of-pocket medical expenses.

After thorough review, we find no error and affirm the Court of Appeals.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Berry was employed on a part-time basis as a Registered Nurse at Cedar Lake beginning in 2010. She began experiencing work-related asthma,

allergies, and pulmonary problems due to mold at Cedar Lake. Her last date of exposure to the mold was October 26, 2012. On that day, she filed a Form 101 Application for Resolution of a Claim-Injury, alleging work-related injuries due to the mold. After initially disputing her claim, Cedar Lake stipulated to the work-related injuries. ALJ William Rudloff entered an order on June 27, 2013 finding Berry had work-related asthma and awarded her temporary total disability, permanent partial disability, and medical benefits. Cedar Lake appealed to the Board, which affirmed ALJ Rudloff's opinion and order, then again appealed to the Court of Appeals, which affirmed the Board's opinion, and then this Court, which likewise affirmed the Court of Appeals.

Correspondence between the parties continued throughout the pendency of the appeal. The record reflects that Berry sent a letter to Cedar Lake that included a spreadsheet containing an itemization and description of her out-of-pocket expenses from September 14, 2010 through April 17, 2013. Berry sent additional letters on June 18, 2013 and October 16, 2013 with the spreadsheet attached that included up-to-date itemizations and descriptions of out-of-pocket expenses for the year 2013. Cedar Lake confirmed receipt of the June 18, 2013 letter and spreadsheet in correspondence the same day. On December 10, 2013, Cedar Lake stated in a letter to Berry that it had received the spreadsheet and indicated that it would need a copy of the bills rather than a description of them as contained in the spreadsheet. The December 10, 2013 letter from Cedar Lake is unclear which iteration of the spreadsheet Cedar Lake

2

received on which date. The parties continued to discuss the necessity of procuring and providing copies of the bills throughout 2014.

Once the appeal concluded and the matter was remanded, ALJ Rudloff entered an amended opinion and order, from which Berry appealed to the Board, which affirmed the ALJ in early February of 2016. Berry made another request for reimbursement of the fees now in dispute to Cedar Lake on May 3, 2016 and sent an additional request via letter on May 31, 2016. The May 3 and May 31 letters included copies of the medical bills as reflected in the spreadsheets that Berry had been providing throughout the course of the litigation. It is unclear whether Cedar Lake received the letter sent by Berry on May 3, 2016, and Cedar Lake stated in subsequent correspondence that it had not received the May 3 letter. However, the correspondence filed by Cedar Lake on November 8, 2019 included the May 3, 2016 letter. Additionally, in a June 17, 2016 letter, Cedar Lake acknowledged that it had received the May 31, 2016 letter. Correspondence continued for two years without resolution of the dispute.

Berry then filed a motion to reopen her claim with an accompanying Form 112 in June of 2018, alleging that her out-of-pocket expenses had not been paid pursuant to her award. ALJ Chris Davis held review conferences in July of 2018, and September of 2018, and a hearing in October of 2019. The sole issue before ALJ Davis was the timeliness of Berry's submission of her medical bills and requests for reimbursement of her co-pays.

3

ALJ Davis entered an opinion and order in early December 2019, finding Berry's requests for reimbursement were not submitted until the date of the motion to reopen on June 4, 2018, which meant the request was untimely and, thus, non-compensable. ALJ Davis noted that "the duty to submit medical bills and requests for co-pays [begins] when a claim is final," and the bills and requests for co-pay reimbursement "must have been submitted 60 days from the date of incurrence for any bills incurred on or after February 5, 2016." Berry petitioned the ALJ to reconsider the opinion and order asserting that the ALJ made a number of errors.

In late December 2019, the ALJ entered an order correcting his original finding concerning the date of Berry's first request for reimbursement to May 31, 2016, but still found Berry's requests for reimbursement were untimely and, therefore, non-compensable.

Berry appealed to the Board, asserting that the record clearly indicated that the medical bills were submitted before the claim was decided, and were, therefore, timely. The Board vacated and remanded the ALJ's orders due to evidence in the record indicating timely submission of request for reimbursement. The Board stated in its order that "the record clearly indicates at least two spreadsheets of out-of-pocket medical expenses plus certain invoices were sent to Cedar Lake prior to May 31, 2016." Specifically, the Board concluded that "the record unequivocally demonstrates that Berry's first request for reimbursement of her out-of-pocket medical expenses took place on June 18, 2013." Therefore, because the record clearly indicated that Berry had

4

submitted a request for reimbursement before the ALJ's order was final, the Board vacated "the ALJ's determination that Berry's out-of-pocket medical expenses are untimely and, consequently, non-compensable and remand[ed] the claim for additional findings." It also vacated the ALJ's language in the order regarding the difficulty of ascertaining whether the expenses were reasonable or related to her work-related injury, as the only issue was whether the expenses were timely submitted. Further, the Board ordered the ALJ to determine whether Cedar Lake had received the October 16, 2013 letter and to undertake a new analysis of whether medical expenses submitted for the first time <u>after</u> ALJ Rudloff's final order was entered on February 5, 2016 were timely and stated that whether Berry utilized a Form 114 is not determinative on the issue of timeliness. Regarding the expenses <u>before</u> ALJ Rudloff's final order was entered on February 5, 2016, the Board determined that the sixty-day rule contained in 803 KAR[1] 25:096 §11 was not applicable as established by *Garno v. Selectron U.S.A.*, 329 S.W.3d 301 (Ky. 2010).

The Court of Appeals then affirmed the Board. Regarding the Board's determination that the ALJ made findings of fact contrary to the great weight of the evidence in the record, the Court of Appeals held as follows:

> the ALJ's finding concerning the first date of request constituted an abuse of discretion because
>
> that finding is not supported by the record and is, therefore, patently unfair and unreasonable. Contrary

---

[1] Kentucky Administrative Regulation.

5

to Cedar Lake's contentions, the Board did not usurp the ALJ's role and make a finding of fact concerning the date(s) of requests for reimbursement but, rather, appropriately vacated and remanded these portions of the ALJ's orders for further—accurate—findings.[2]

Regarding the Board's application of 803 KAR 25:096 § 11 and reliance on *Garno v. Selectron*, the Court of Appeals held as follows:

> Berry was awarded medical benefits via an interlocutory order entered by the ALJ on June 27, 2013. Therefore, the 60-day rule set forth in 803 KAR 25:096 § 11(2) applies to medical expenses incurred after June 27, 2013, not exclusively those incurred after the award became final.
>
> Aside from the error concerning the date on which 803 KAR 25:096 § 11(2) became applicable to the claim herein, the remainder of the Board's interpretation of controlling precedent and the 60-day submission requirement of 803 KAR 25:096 § 11 is reasonable, and we "generally defer to an administrative agency's interpretation of its own regulations." *St. Joseph Hosp. v. Littleton-Goodan*, 260 S.W.3d 826, 828 (Ky. 2008). We hold that the mandatory deadlines specified in 803 KAR 25:096 § 11 apply post-award, whether the award is final or interlocutory, as is the case here.[3]

This appeal followed. We discuss additional facts as necessary below.

## II. ANALYSIS

Cedar Lake claims that the Board erred by exceeding its authority to make findings of fact, which is reserved for the sound discretion of the ALJ. Cedar Lake further alleges that both the Court of Appeals and the Board erred

---

[2] *Cedar Lake Park Place v. Berry*, 2021 WL 69031, at *3 (Ky. App. Jan. 8, 2021).

[3] *Id.* at *4.

6

in reversing ALJ Davis's opinion because they erred in interpreting and applying 803 KAR 25:096 §11. More specifically, Cedar Lake asserts that the Court of Appeals erred by: (1) misconstruing KRS[4] 342.020 in determining how to interpret 803 KAR 25:096 § 11; (2) ignoring the plain language of 803 KAR 25:096 §11 altogether; and (3) upholding how the Board interpreted and applied 803 KAR 25:096 § 11, because the Board's interpretation conflicts with "other regulations and does not promote judicial economy." Lastly, Cedar Lake contends that the Court of Appeals and the Board erred by not finding that Berry waived any out-of-pocket expenses incurred before May 10, 2013 because she failed to follow 803 KAR 25:010 § 13(9)(a)'s mandatory requirement that she present the bills associated with those expenses at the Benefit Review Conference (BRC) on the same day.

While the first two contentions are well taken, it appears after thorough review of the record that the issue of waiver is being raised for the first time before this Court. Any argument concerning whether Berry has waived reimbursement for her out-of-pocket expenses has never been made, and Cedar Lake has stated by counsel on the record before the ALJ, the only issue in this case is whether the requests for reimbursement were timely—not whether the requests were waived. Thus, it is Cedar Lake who has failed to preserve the issue. We have long held that a "new theory of error cannot be raised for the first time on appeal."[5] Because Cedar Lake has failed to preserve

---

[4] Kentucky Revised Statute.

[5] *Springer v. Commonwealth,* 998 S.W.2d 439, 446 (Ky. 1999).

7

this alleged error, we decline to address whether Berry waived any out-of-pocket expenses incurred before May 10, 2013.

**(1) Standard of Review**

The Court of Appeals must "correct the Board only where the Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice."[6] "The function of further review in our Court is to address new or novel questions of statutory construction, or to reconsider precedent when such appears necessary, or to review a question of constitutional magnitude."[7] "As a reviewing court, we are bound neither by an ALJ's decisions on questions of law or an ALJ's interpretation and application of the law to the facts. In either case, our standard of review is *de novo*."[8]

**(2) The Board did not err in remanding for additional findings of fact.**

It is incumbent upon the Board "to carry out the same functions as an intermediate court reviewing the decisions of a court of original jurisdiction, to perform the error correcting function normally assigned to the Kentucky Court of Appeals, lacking only the power of constitutional review."[9] The Board must determine whether the ALJ's "order, decision or award is clearly erroneous on

---

[6] *W. Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687–88 (Ky. 1992).

[7] *Id.* at 688.

[8] *Ford Motor Co. v. Jobe*, 544 S.W.3d 628, 631 (Ky. 2018) (citing *Bowerman v. Black Equip. Co.*, 297 S.W.3d 858, 866 (Ky. App. 2009)).

[9] *W. Baptist Hosp.*, 827 S.W.2d at 687.

the basis of the reliable, probative and material evidence contained in the whole record," or "arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."[10] The Board "shall not reweigh the evidence and substitute its judgment for that of the ALJ with regard to a question of fact."[11] However,

> if the ALJ has made all necessary findings to resolve the issue at hand and the Board has erred in remanding for additional, unneeded findings that would be of no additional value in resolving the issues in the case, if for no other reason than judicial economy alone, that decision, just as any other, is subject to review and reversal by the appellate courts.[12]

Thus, the converse is true: when the ALJ has not made all findings of fact necessary to resolve the issue at hand, then the Board is well within its authority to remand for additional findings.

In the instant case, the Board determined that the ALJ made findings of fact that were clearly erroneous. The record clearly demonstrates that Berry submitted her first request for reimbursement on June 18, 2013. ALJ Davis's determination that she did not submit her first request for reimbursement until June 4, 2018 is against clear and convincing evidence in the record. Contrary

---

[10] KRS 342.285 (2)(d)-(e).

[11] *Ira A. Watson Dep't Store v. Hamilton*, 34 S.W.3d 48, 52 (Ky. 2000).

[12] *Tryon Trucking, Inc. v. Medlin*, 586 S.W.3d 233, 238 (Ky. 2019).

9

to Cedar Lake's assertion, the Board did not make findings of fact beyond its authority. The Board did not "not reweigh the evidence and substitute its judgment for that of the ALJ with regard to a question of fact."[13] It merely examined the record and determined that the ALJ erred in making its finding of fact as to the date of the first submission of Berry's request for reimbursement. The Board did not err in doing so.

Whether the remainder of Berry's requests for reimbursement were timely is still an open question. Additional findings of fact are necessary to determine the timeliness of those requests. Only the ALJ has the ability to make those findings. As a result, remand for additional findings of fact is necessary and the Board did not err in so ordering.

**(3) The Board did not misconstrue controlling statutes or precedent. Therefore, the Court of Appeals did not err in affirming the Board's opinion.**

This Court recently considered at which point in the litigation process 803 KAR 25:096, § 11's sixty-day requirement applies, and held:

> the regulatory scheme governing workers' compensation claims anticipates that medical expenses will be provided to the employer pre-award and throughout the litigation of the claim. To interpret the sixty-day submission requirement found in 803 KAR 25:096, § 11 as applying pre-award would result in a direct contradiction with 803 KAR 25:010, § 7(2)(f), which requires the claimant disclose unpaid medical bills within forty-five days of filing his claim and within ten days of receiving new bills after the initial forty-five days has passed. Accordingly, when viewed in the context of the regulatory scheme, 803 KAR 25:096, § 11's application only post-award best

---

[13] *Ira A. Watson*, 34 S.W.3d at 52.

10

> effectuates the intent of the Commissioner and prevents an absurd result.[14]

We noted in *Wonderfoil*[15] that *Garno*'s holding[16] that requests for reimbursement must be submitted within sixty days of the entry of an interlocutory order was consistent with our interpretation of the regulation. Our holding in *Wonderfoil* makes clear that 803 KAR 25:096 § 11 applies only post-award.[17]

Contrary to Cedar Lake's assertion, the Court of Appeals did not misconstrue *Garno.* As we noted in *Wonderfoil*, "*Garno* decided whether the sixty-day time frame applied post-interlocutory award."[18] Though the litigants did not have the benefit of our guidance in *Wonderfoil*, that opinion makes it unequivocally clear that the sixty-day requirement contained in 803 KAR 25:096 § 11 begins once an interlocutory award or final order is entered, but may be tolled for good cause shown.[19] The Court of Appeals did not err in its interpretation of that rule.

Further, contrary to Cedar Lake's argument, the Court of Appeals did not err in its interpretation of KRS 342.020 or *R.J. Coleman R.R. Constr. v.*

---

[14] *Wonderfoil, Inc. v. Russell,* 630 S.W.3d 706, 711 (Ky. 2021)

[15] *Id.* at 713.

[16] *Garno,* 329 S.W.3d at 303.

[17] *Wonderfoil,* 630 S.W.3d at 711.

[18] *Id.* at 713.

[19] *Id.*

11

*Haddix*[20] by determining that medical expenses are not compensable until either an interlocutory award or final order are entered. As this Court explained in *Wonderfoil,* holding that the sixty-day requirement contained in 803 KAR 25:096 § 11 begins once an interlocutory award or final order is entered "is a natural and logical extension of *Haddix.*"[21] In *Haddix*, this Court held that KRS 342.020 "applies to medical statements received by an employer after an ALJ has determined that said bills are owed by the employer."[22] Therefore, the Court of Appeals did not err in determining that medical expenses are not compensable until either an interlocutory award or final order are entered under *Haddix* or KRS 342.020.

The Board's determination that the sixty-day rule contained in 803 KAR 25:096 § 11(2) is not applicable to Berry's requests for reimbursement made before February 5, 2016 is consistent with this Court's Opinion in *Wonderfoil.* However, as the Court of Appeals correctly held, ALJ Rudloff entered an interlocutory order awarding benefits to Berry on June 27, 2013. Therefore, though the Board's interpretation of 803 KAR 25:096 § 11(2) was correct, its application of that interpretation to the facts was not.

---

[20] 864 S.W.2d 915 (Ky. 1993).

[21] *Wonderfoil,* 630 S.W.3d at 712.

[22] 864 S.W.2d at 918.

12

We affirm the Court of Appeals and hold as it did that "the 60-day rule set forth in 803 KAR 25:096 § 11(2) applies to medical expenses incurred after June 27, 2013, not exclusively those incurred after the award became final."[23]

As a result, on remand the ALJ must determine whether any requests for reimbursement submitted for the first time after June 27, 2013 were timely, excepting those requests procedurally waived. Further, because the record clearly demonstrates that the first request for reimbursement was submitted on June 18, 2013—before the interlocutory award was entered on June 27, 2013—the 60-day rule set forth in 803 KAR 25:096 § 11(2) is not applicable to those requests.

## III.   CONCLUSION

Based on the foregoing, we affirm the Court of Appeals.

All sitting.  All concur.

---

[23] *Cedar Lake Park Place*, 2021 WL 69031 at *4.

13

COUNSEL FOR APPELLANT:

Joseph C. Klausing
Priscilla C. Paige
O'Bryan Brown & Toner, PLLC

COUNSEL FOR APPELLEE, PENNY BERRY:

Wayne C. Daub
Wayne C. Daub Law Office

ADMINISTRATIVE LAW JUDGE:
Hon. Chris Davis

WORKERS' COMPENSATION BOARD:
Michael Wayne Alvey,
Chairman