**Sandra TOY, Appellant**

v.

**COCA COLA ENTERPRISES; Honorable Sheila Lowther, Administrative Law Judge; and Workers' Compensation Board, Appellees.**

No. 2008–SC–000149–WC.

Supreme Court of Kentucky.

Dec. 18, 2008.

Theresa C. Gilbert, Ann Batterton Lawyer, Denney, Morgan, Rather & Gilbert, Lexington, KY, Counsel for Appellant, Sandra Toy.

Joel Walter Aubrey, Mary Ellen Schaffner, Pohl, Kiser & Aubrey, P.S.C., Louisville, KY, Counsel for Appellee, Coca Cola Enterprises.

### OPINION OF THE COURT

An Administrative Law Judge (ALJ) denied the claimant's motion to reopen to

contest her former employer's reduction in her benefits under KRS 342.730(1)(c)2. The ALJ reasoned that she presently earned the same or a greater wage from a different employer. The Workers' Compensation Board and the Court of Appeals affirmed. Appealing, the claimant argues that KRS 342.730(1)(c)2 refers only to cessation of the employment to which she returned after she was injured and that her former employer should not benefit from her initiative in finding subsequent employment. We affirm.

The claimant's application for benefits alleged a cervical spine injury due to repetitive trauma in her work for Coca Cola Enterprises (Coke). She continued to work for Coke and to earn the same or a greater wage. The parties agreed to settle the claim for weekly benefits of $59.63 for a period of 425 weeks.

■ Coke discharged the claimant shortly after the settlement was approved. Consistent with KRS 342.730(1)(c)2, the parties then agreed to double the weekly benefits for the remainder of the award. Sometime thereafter, the claimant returned to work with a different employer at a wage equal to or greater than her average weekly wage at the time of the injury. Coke learned of the employment, obtained a copy of her wage records, and reduced her weekly benefit to $59.63. The claimant then filed a motion to contest the reduction, asserting that KRS 342.730(1)(c)2 referred only to the employment to which she returned initially. She also argued that Coke should not be permitted to benefit simply because she obtained other work. Having failed to convince the ALJ, the Board, or the Court of Appeals, she continues to appeal.

KRS 342.730(1)(c)2 provides as follows:

*If an employee returns to work at a weekly wage equal to or greater than the average weekly wage at the time of injury,* the weekly benefit for permanent partial disability shall be determined under paragraph (b) of this subsection for each week during which *that employment* is sustained. *During any period of cessation of that employment,* temporary or permanent, for any reason, with or without cause, payment of weekly benefits for permanent partial disability during the period of cessation shall be two

(2) times the amount otherwise payable under paragraph (b) of this subsection. This provision shall not be construed so as to extend the duration of payments. (emphasis added).

The claimant argues that the phrase "during any period of cessation of that employment" refers specifically to the employment to which she returned after the injury. She points to KRS 342.710(1), which states that a primary goal of Chapter 342 is to encourage injured workers who retain the ability to work to do so, preferably with the same employer and to the same or similar employment. She maintains that her interpretation is "the only logical interpretation of [KRS 342.730(1)(c)2] that is consistent with KRS 342.710(1)." She concludes that because she worked for Coke after her injury and earned the same or a greater wage, she is entitled to double benefits during any period of cessation of her employment with Coke, regardless of her subsequent return to work for another employer at the same or a greater wage. We disagree.

■ The essence of statutory construction is to determine and effectuate the legislative intent.[1] KRS 342.730(1) pro-

1. *Hale v. Combs,* 30 S.W.3d 146, 151 (Ky. 2000); *City of Louisville v. Helman,* 253

S.W.2d 598, 600 (Ky.1952); *AK Steel Corpora-*

vides income benefits to replace some of the wages that workers lose due to the occupational effects of work-related injuries.

Consistent with the purpose of the benefit and with KRS 342.710(1)'s goal of encouraging a return to work, KRS 342.730(1)(c)2 focuses on post-injury wages. Although KRS 342.710(1) expresses a preference for a return to the same employment, KRS 342.730(1)(c)2 requires only that the injured worker "returns to work at a weekly wage equal to or greater than the average weekly wage at the time of injury." Thus, it applies without regard to whether the worker returns to the employment in which the injury occurred or to other employment.

Workers who retain the physical capacity to return to the type of work performed at the time of injury receive a basic income benefit under KRS 342.730(1)(b), regardless of their post-injury earnings. The purpose of KRS 342.730(1)(c)2 is to keep partially disabled workers in the habit of working and earning as much as they are able. It creates an incentive for them to return to work at which they will earn the same or a greater average weekly wage by permitting them to receive a basic benefit in addition to their wage but assuring them of a double benefit if the attempt proves to be unsuccessful.[2] Although the statute also creates an incentive for employers to continue to employ injured workers in order to avoid paying double benefits, its focus is on encouraging a return to work at the same or a greater wage rather than to a particular employ-ment. Had the legislature intended to limit the statute to one post-injury employment, it could have done so explicitly. It did not. We conclude, therefore, that the words "that employment" and the phrase "[d]uring any period of cessation of that employment" refer to the cessation of employment at which the individual earns an average weekly wage equal to or greater than the average weekly wage at the time of injury rather than to a particular employment. This interpretation is consistent with the purpose of awarding income benefits and with the principle of limiting the amount of income benefits paid to workers who experience no present loss of income.[3]

KRS 342.125(3) permits reopening at any time to conform an award made under KRS 342.730(1)(c)2 to a post-award change in circumstances.[4] When read in tandem with KRS 342.125(3), KRS 342.730(1)(c)2 permits an award to be reopened and doubled during any period in which the recipient's average weekly wage is less than the average weekly wage earned at the time of injury.[5] It also permits a double benefit award to be reopened and reduced during any period that the recipient's average weekly wage equals or exceeds the average weekly wage at the time of injury.

The decision of the Court of Appeals is affirmed.

All sitting. All concur.

---

tion v. Commonwealth, 87 S.W.3d 15, 17 (Ky. App.2002).

**2.** See AK Steel Corporation v. Childers, 167 S.W.3d 672, 675–76 (Ky.App.2005).

**3.** See Ball v. Big Elk Creek Coal Co., Inc., Ky., 25 S.W.3d 115 (2000).

**4.** Meade v. Reedy Coal Co., Ky., 13 S.W.3d 619 (2000).

**5.** Ball v. Big Elk Creek Coal Co., Inc., supra.